FILED
U.S. DISTRICT COURT

2009 SEP -1  A 11: 31

DISTRICT OF UTAH

BY:_____
L. DEPUTY CLERK

RECEIVED

AUG 3 1 2009

OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

Glen A. Cook, 3710
Cook, Skeen, & Robinson, L.L.C.
Attorneys for Plaintiff
5788 S. 900 East
Salt Lake City, Utah 84121
801-266-7414

Wendy W. Fenton, 7343
Attorney for Plaintiff
2150 So. 1300 E. #500
Salt Lake City, Utah 84106
801-725-8978

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| APRIL M. SCHRAEDER, | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EAJA FEE APPLICATION** |
| Plaintiff, | |
| vs. | |
| MICHAEL J. ASTRUE | 1:08-cv-62-BSJ |
| COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | Judge Bruce S. Jenkins |

In this Social Security case, Plaintiff seeks attorney fees

under the Equal Access to Justice Act (EAJA). "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[1] It is undisputed that Plaintiff is a prevailing party under the EAJA because she obtained a "sentence four"[2] remand. The Commissioner has not challenged Plaintiff's computation of her claimed attorney fees, their reasonableness, or that the position of the government was not substantially justified.[3]

Having reviewed the standard for an award of EAJA fees in Social Security cases[4], the record in this case, the Motion and Affidavit, and the Commissioner's Notice, the Court finds as follows: Plaintiff is the prevailing party. The Commissioner's position was not substantially justified. Plaintiff requests attorney fees for 20 hours of attorney time at $100 an hour. The

---

[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 910th Cir. 2007)(citing 28 U.S.C. § 2412(d)(1)(A)).
[2] Sentence four of 42 U.S.C. § 405(g).
[3] *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).
[4] E.g., *Hackett*, 475 F.3d at 1172-75 (examining controlling

2

Court finds that hourly rate is reasonable.  Attorney fees in the amount of $2,000 are awardable under the EAJA.  It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Docket No. 23) is GRANTED.  It is further

ORDERED that Plaintiff's counsel is awarded attorney fees in the amount of $2,000.00 pursuant to 42 U.S.C. § 2412(d).

DATED August 31, 2009.

BY THE COURT:

_____
BRUCE S. JENKINS
United States District Judge

---

standards for an award of EAJA fees in Social Security cases).